**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Vernon Peltz, et al., | No. CV-25-00165-TUC-SHR |
| Plaintiffs, | **ORDER** |
| v. | |
| D Douglas Metcalf, et al., | |
| Defendants. | |

On April 10, 2025, pro se Plaintiffs Vernon Peltz, Mark Brown, and Roy Tripoloni filed a Complaint and Request for Injunctive Relief pursuant to 42 U.S.C. § 1983 (Doc. 1). On June 16, 2025, Defendants filed a Motion to Dismiss (Doc. 6). Plaintiffs filed a Response and Motion to Strike (Doc. 7) and Defendants replied (Doc. 8). For the following reasons, the Court will grant the Motion to Dismiss (Doc. 6), deny Plaintiffs' Motion to Strike (Doc. 7) as moot, and dismiss Plaintiffs' Complaint with prejudice (Doc. 1).

## I.   Background

Plaintiffs—who "frequently use their cell phones to record" for publication "the actions of Court personnel in the performance of their duties"—allege Defendants violated their First Amendment and due process rights. (Doc. 1.) They allege Defendants "conspired to prohibit Plaintiffs from using their cellphones to record in public places within Pima County Justice Court Complex and Pima County Superior Court." (*Id.* at 2.)[1]

---

[1] Plaintiffs solely bring First Amendment and Due Process claims (Counts One and Two) but seek relief in the form of punitive damages and injunctive relief (erroneously

Plaintiffs name the following Defendants in their individual and official capacities: Pima County Superior Court Judge Douglas Metcalf; Director of Court Security at the Pima County Superior Court Richard Tracy; Community Relations Officer at the Pima County Superior Court Alanna Meadows; Pima County Superior Court Security Manager Maryjane Abril; and Pima County Justice Court security guards Kevin Luckenbill, Francisco Vasquez, and Richard Lopez. (*Id.* at 3.)

Specifically, Plaintiffs allege Plaintiff Brown began interviewing Plaintiff Peltz in the lobby of the Pima County Justice Court when "three Court security officers jumped on Plaintiff Brown and attempted to take his recording devices away." (*Id.* at 6.) They further allege Defendant Luckenbill "put his person between Plaintiff Peltz and [the] three officers" to prevent Peltz from recording their actions, ordered Peltz to stop recording, and threatened to arrest Peltz. (*Id.*) Defendant Vasquez ordered Peltz to leave the lobby "or be arrested" and "physically began to handcuff" Peltz before Peltz managed to "escape out the door." (*Id.*)

Plaintiffs further allege on a separate occasion they attempted to audio record "proceedings involving Lane Myers in Pima County Superior Court" but Judge Metcalf had issued an order "broadly prohibiting all recording except through the court's YouTube Livestream, without holding hearings to assess individual requests." (*Id.*) They allege on March 28, 2025, Defendant Tracy barred Plaintiff Brown "from entering the courthouse with his cell phone or any recording devices" and "Defendant Meadows informed Plaintiff Tripoloni in an email that the prohibition extended to him as well." (*Id.*)

## II.    Legal Standard

On a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), allegations of material fact are assumed to be true and construed in the light most favorable to the nonmoving party. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). Dismissal under Rule 12(b)(6) can be based on "the lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police*

---

labeled Counts Three and Four).

*Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To avoid dismissal, a complaint need contain only "enough facts to state a claim [for] relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Ove v. Gwinn*, 264 F.3d 817, 821 (9th Cir. 2001). If the Court finds a plaintiff does not allege enough facts to support a cognizable legal theory, the Court may dismiss the claim. *SmileCare Dental Grp. v. Delta Dental Plan of Cal., Inc.*, 88 F.3d 780, 783 (9th Cir. 1996). "Dismissal without leave to amend is improper unless it is clear, upon *de novo* review, that the complaint could not be saved by any amendment." *Polich v. Burlington N., Inc.*, 942 F.2d 1467, 1472 (9th Cir. 1991).

## III.    Discussion

A government official in a § 1983 action is entitled to qualified immunity from damages for civil liability if his "conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Once a qualified-immunity defense is raised, the plaintiff bears the burden of showing the rights allegedly violated were clearly established. *LSO, Ltd. v. Stroh*, 205 F.3d 1146, 1157 (9th Cir. 2000). An officer is not entitled to qualified immunity if the plaintiff shows (1) the officer's conduct violated a constitutional right and (2) the right was clearly established at the relevant time. *Sorrels v. McKee*, 290 F.3d 965, 969 (9th Cir. 2002); *Romero v. Kitsap Cnty.*, 931 F.2d 624, 627 (9th Cir. 1991). "The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Saucier v. Katz*, 533 U.S. 194, 202 (2001).

Among other arguments,[2] Defendants raise a qualified immunity defense in their Motion to Dismiss. (Doc. 6 at 7–10.) Specifically, they assert they are entitled to qualified immunity because "[n]o clearly established law provides a constitutional right to record judicial proceedings or court hearings" and "[c]ontrary to Plaintiffs' assertions, neither the

---

[2]Because the Court finds Defendants are entitled to qualified immunity, the Court need not address the additional arguments raised in the Motion to Dismiss.

First Amendment nor the Fourteenth Amendment grants them an unfettered Constitutional right to audio or video record inside courthouses or a right to a hearing." (*Id.* at 9.) In response, Plaintiffs assert they "stand united in their conviction that the Constitution affords them the right to hold their government accountable through the act of recording," and Defendants' immunity arguments are "premature, procedurally improper, and not appropriate at the Rule 12(b) stage." (Doc. 7.) They additionally move to strike exhibits attached to Defendants' Motion to Dismiss. (*Id.*)

Plaintiffs' assertion qualified immunity may not be raised in a Rule 12(b)(6) motion to dismiss is incorrect. *See, e.g.*, *Sabra v. Maricopa Cnty. Cmty. Coll. Dist.*, 44 F.4th 867, 893 (9th Cir. 2022) (granting qualified immunity on motion to dismiss because "[p]ostponing our qualified immunity decision until the summary judgment stage would only consume additional time, expense, and judicial resources, without any realistic possibility that the outcome would change"); *Act Up!/Portland v. Bagley*, 988 F.2d 868, 872 (9th Cir. 1993) (stating immunity issues should be decided long before trial).

Moreover, Plaintiffs have not met their burden of proving the violation of a constitutional right and that the right was clearly established. Plaintiffs broadly allege they have a "[f]undamental First Amendment right [to] use their phones to video record in courthouses and to publish those videos," but provide no law establishing a right to record in courthouses without restrictions. (*See* Doc. 1 at 4.) As Defendants assert in their Motion, courthouses are non-public fora, and courts may accordingly impose speech limitations so long as they are viewpoint neutral and reasonable in light of the purpose served by the forum. *See Sammartano v. First Jud. Dist. Ct.,* 303 F.3d 959, 966 (9th Cir. 2002), *abrogated on other grounds by Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008); *Chandler v. Florida*, 449 U.S. 560, 582–83 (1981) (permitting states to "experiment" in allowing or disallowing cameras during trials); *see also Cornelius v. NAACP Legal Def. & Educ. Fund, Inc.*, 473 U.S. 788, 808 (1985). Plaintiffs have failed to show any established federal law or constitutional right underlying their claims, and accordingly, the Court will dismiss Plaintiffs' claims against Defendants as barred by

qualified immunity.  *See Act Up!/Portland*, 988 F.2d at 872 (stating the doctrine of qualified immunity is an immunity from suit rather than a mere defense to liability).

Plaintiffs have also failed to state a claim for injunctive relief.  Plaintiffs have not specifically identified how any laws enforced by Defendants violate the First Amendment or Due Process Clause.  As stated above, Plaintiffs' argument they have an unfettered "right [to] use their phones to video record in courthouses" under the First Amendment is without merit.  The only assertion Plaintiffs make regarding due process is "Arizona Supreme Court Rule 122(h) requires a judge to conduct a hearing before denying an individual's right to record" and Defendants in this case failed to provide such a hearing.  (Doc. 1 at 8.)  Rule 122(h), however, imposes no such requirement, *see* Ariz. S. Ct. R. 122(h), and Plaintiffs fail to allege how each defendant violated due process, *see Twombly*, 550 U.S. at 555.  They have not stated a plausible claim entitling them to relief.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

Upon de novo review, the Court finds amendment in this case would be futile given the deficiencies outlined above.  Accordingly, the Court will dismiss the Complaint with prejudice.  *See Herring Networks, Inc. v. Maddow*, 8 F.4th 1148, 1161 (9th Cir. 2021).  The Court will also deny Plaintiffs' Motion to Strike (Doc. 7) as moot.  Although the Court could properly consider the documents attached to Defendants' Motion to Dismiss because they are judicially noticeable and their authenticity is not in question, *see United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003), the Court did not need to consider the attached documents in finding Plaintiffs did not meet their burden of proving an established constitutional right.

**IV.    Conclusion**

**IT IS ORDERED** Plaintiffs' Complaint (Doc. 1) is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** Plaintiffs' Motion to Strike (Doc. 7) is **DENIED AS MOOT**.

…

**IT IS FURTHER ORDERED** the Clerk of Court shall close this case.

Dated this 20th day of March, 2026.

Honorable Scott H. Rash
United States District Judge